

RECEIVED

MAR 07 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:22-cr-95 |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| JASON LEE RANNFELDT, | ) | T. 18 U.S.C. § 1344(2) |
| | ) | T. 18 U.S.C. § 1957(a) |
| Defendant. | ) | T. 18 U.S.C. § 1957(b)(1) |
| | ) | T. 21 U.S.C. § 853(p) |
| | ) | T. 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

## Introduction

At all times material to this Indictment:

1.    Between on or about November 6, 2020, through and including on or about September 1, 2021, the defendant, JASON LEE RANNFELDT (RANNFELDT), resided in the Southern District of Iowa.

2.    RANNFELDT knowingly made false statements for the purpose of influencing federally insured financial institutions, engaged or attempted to engage in a scheme and artifice to defraud federally insured financial institutions, and engaged in monetary transactions in property derived from specified unlawful activity, all in violation of 18 U.S.C. §§ 1014, 1344, and 1957.

3.    RANNFELDT sought and obtained funds from the Paycheck Protection Program by means of material misrepresentations, namely regarding the dates of establishment, number of employees, amount of income and wages, and intended use of the proceeds, when in truth and fact RANNFELDT used the loan proceeds for his

personal use, such as funding deposits into his personal bank account and as a down payment for a residential mortgage.

4.    RANNFELDT had ownership and control over the "DBA Rannfeldt Family Chiropractic" financial account at TBK Bank ending in 5962, in Bettendorf, Iowa.

5.    RANNFELDT had joint ownership and control with his wife, Ann Rannfeldt, over the financial account at GreenState Credit Union ending in 7337, in Bettendorf, Iowa.

### The Paycheck Protection Program

6.    The United States Small Business Administration (SBA) is an Executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

7.    As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

8.    The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program administered by the SBA that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable, and other bills

incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

9.    To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to certify: (a) that the small business was in operation on February 15, 2020; (b) the average monthly payroll expenses; and (c) the number of employees. These certifications were used to calculate the amount of money the small business was allowed to receive under the PPP. Additionally, a business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

10.    PPP loan applications were electronically submitted or caused to be submitted by the borrower. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

11.    The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences,

to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

12.    Cross River Bank (Cross River) was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

13.    Quad City Bank & Trust (QCBT) was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

14.    Vibrant Credit Union (VCU) was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

15.    Northeast Bank (Northeast) was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

16.    U.S. Bank was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

17.    GreenState Credit Union (GSCU) was a federally insured financial institution as defined in 18 U.S.C. § 20.

## The PPP Loan Scheme and Artifice to Defraud

18.    Between on or about November 6, 2020, through and including on or about May 5, 2021, in the Southern District of Iowa, the defendant, RANNFELDT, knowingly executed and attempted to execute a scheme and artifice to defraud Cross River, QCBT, VCU, Northeast, and U.S. Bank to obtain money, funds, assets, and other property owned by and under the custody and control of Cross River, QCBT, VCU, Northeast, and U.S. Bank by means of materially false and fraudulent pretenses, representations, and promises, namely false and fraudulent

4

representations in PPP loan applications for Rannfeldt Clinic (the Clinic); Perfect Fit Coaching, LLC (Perfect Fit); RC Orthotics, LLC (RC Orthotics); PF Nutrition Counseling, LLC (PF Nutrition); and RC Performance Therapy, LLC (RC Performance Therapy). The manner and means of the scheme and artifice to defraud were as follows:

19.     Between approximately October 1998 and April 2021, RANNFELDT was the sole owner of the Clinic, a chiropractic clinic in Davenport, Iowa. In May 2020, RANNFELDT sought and obtained a PPP loan for the Clinic from Square in the amount of $19,244.80. In approximately August 2020, RANNFELDT approached T.B., a chiropractor at the Clinic, about purchasing the practice. In April 2021, RANNFELDT sold the Clinic to T.B.

20.     RANNFELDT established Perfect Fit with the Iowa Secretary of State on or about November 6, 2020. In December 2020, RANNFELDT opened financial accounts at GSCU ending in 7199 over which he had ownership and control. Upon approval and funding of a PPP loan, RANNFELDT had ownership and control over financial accounts at VCU ending in 5481 and 6249.

21.     RANNFELDT established RC Orthotics with the Iowa Secretary of State on or about March 23, 2021. Upon approval and funding of a PPP loan, RANNFELDT had ownership and control over financial accounts at VCU ending in 7768 and 7776.

22.     RANNFELDT established PF Nutrition with the Iowa Secretary of State on or about March 23, 2021. Upon approval and funding of a PPP loan, RANNFELDT

had ownership and control over financial accounts at VCU ending in 9079 and 9087.

23.    RANNFELDT established RC Performance Therapy with the Iowa Secretary of State on or about March 23, 2021.  Upon approval and funding of a PPP loan, RANNFELDT had ownership and control over financial accounts at VCU ending in 8822 and 8830.

## PPP APPLICATIONS

24.    In furtherance of his scheme and artifice to defraud, on or about January 19, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 1) to Cross River on behalf of Perfect Fit seeking $63,573.04 in PPP funds. PPP Application 1 was signed by RANNFELDT.  In addition, RANNFELDT certified that PPP Application 1 and information provided in all supporting documents and forms was true and accurate in all material respects.

25.    On PPP Application 1, RANNFELDT falsely stated that Perfect Fit was established in January 2020; its average monthly payroll was $25,429.22; and it had three employees.   In addition, in support of PPP Application 1, RANNFELDT submitted the first page of 2019 Form 1120, signed January 10, 2020, listing gross receipts as $98,320.19 and salaries and wages as $85,264.00; and a 2019 Form 940 showing total payments to all employees as $85,264.00.

26.    Cross River denied RANNFELDT's loan application on or about January 29, 2021.

27.    In furtherance of his scheme and artifice to defraud, on or about January 20, 2021, RANNFELDT submitted a false and misleading PPP application (PPP

Application 2) to Cross River on behalf of the Clinic seeking $29,542.86 in PPP funds. PPP Application 2 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 2 and information provided in all supporting documents and forms was true and accurate in all material respects.

28.    On PPP Application 2, RANNFELDT falsely stated that the Clinic had not applied for a PPP loan from another lender. In addition, in support of PPP Application 2, RANNFELDT submitted a false or fraudulent 2019 Form 940 showing total payments to all employees as $141,805.72 and a TBK statement for the account ending in 5962 for the period ending February 28, 2020.

29.    Cross River approved RANNFELDT's loan application on or about January 23, 2021, in the amount of $29,542 and deposited funds that were under the custody and control of Cross River into the Clinic's TBK account ending in 5962.

30.    In furtherance of his scheme and artifice to defraud, on or about January 29, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 3) to QCBT on behalf of Perfect Fit seeking $115,000 in PPP funds. PPP Application 3 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 3 and information provided in all supporting documents and forms was true and accurate in all material respects.

31.    On PPP Application 3, RANNFELDT falsely stated that Perfect Fit was established in 2019; its average monthly payroll was $46,000; and it had three employees. In addition, in support of PPP Application 3, RANNFELDT submitted a false or fraudulent third quarter 2019 Form 941 showing three employees and total

wages as $138,000.

32.    It was further part of the scheme and artifice to defraud that RANNFELDT submitted falsified bank account records in support of PPP Application 3. Specifically, RANNFELDT provided QCBT with a February 2020 TBK statement for account ending in 5962, purporting to be in the name of "Dr. Jason L. Rannfeldt DBA Perfect Fit Coaching," but the document had been edited on January 29, 2021, changing the accountholder from "Dr. Jason L. Rannfeldt DBA Rannfeldt Family Chiropractic."

33.    QCBT advised RANNFELDT that Perfect Fit did not qualify for a $115,000 PPP loan based upon having only three employees. RANNFELDT then submitted an amended, fraudulent 2019 Form 941 reflecting that the company had six employees, but with otherwise identical information as the previous Form 941.

34.    QCBT denied RANNFELDT'S loan application on or before February 12, 2021.

35.    In furtherance of his scheme and artifice to defraud, on or about January 30, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 4) to Cross River on behalf of Perfect Fit seeking $211,729.15 in PPP funds. PPP Application 4 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 4 and information provided in all supporting documents and forms was true and accurate in all material respects.

36.    On PPP Application 4, RANNFELDT falsely stated that Perfect Fit was established in July 2019; its average monthly payroll was $84,692; and it had ten

employees. In addition, in support of PPP Application 4, RANNFELDT submitted the first page of a 2019 Form 1120, signed February 28, 2019, listing gross receipts as $719,260 and salaries and wages as $295,387; a 2019 Form 940 showing total payments to all employees as $295,387; a 2019 Schedule C, Profits and Loss From Business (Form 1040), listing gross sales as $719,260 and salaries and wages as $295,387; and a purported GSCU bank statement for Perfect Fit for the month of February 2020 showing an ending balance of $87,295.50, each of which contained false or fraudulent misrepresentations.

37.    Cross River denied RANNFELDT's loan application on or about February 18, 2021.

38.    In furtherance of his scheme and artifice to defraud, on or about February 17, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 5) to VCU on behalf of Perfect Fit seeking $115,000 in PPP funds. PPP Application 5 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 5 and information provided in all supporting documents and forms was true and accurate in all material respects.

39.    On PPP Application 5, RANNFELDT falsely stated that Perfect Fit was established on December 18, 2018; its average monthly payroll was $46,000; and it had ten employees. In addition, in support of PPP Application 5, RANNFELDT submitted a 2019 Form 940 showing $184,000 in total payments to all employees and was signed by hand by RANNFELDT on January 15, 2020; and a 2019 Form W-3 showing $185,000 in wages, tips, and other compensation, each of which contained

false or fraudulent misrepresentations.

40.    It was further part of the scheme and artifice to defraud that RANNFELDT submitted a falsified IRS Notice 575 A, dated November 4, 2018, assigning Perfect Fit EIN 85-383884. The IRS did not assign Perfect Fit an EIN until November 10, 2020.

41.    VCU advised RANNFELDT that Perfect Fit only qualified for a $38,541 PPP loan based on the documentation provided. RANNFELDT then submitted an amended 2019 Form 940 showing $552,000 in total wages, tips, and other compensation, which contained false or fraudulent misrepresentations. The new form was purportedly signed by RANNFELDT on January 15, 2020, but the date was typed, and the fonts, capitalization, and other details differed between the two documents.

42.    VCU notified RANNFELDT on or about April 6, 2021, that it had approved PPP Application 5 in the amount of $115,000, and, on or about April 8, 2021, transferred funds that were under the custody and control of VCU into Perfect Fit VCU account ending in 5481.

43.    In furtherance of his scheme and artifice to defraud, on or about February 26, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 6) to Northeast on behalf of Perfect Fit seeking $115,000 in PPP funds. PPP Application 6 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 6 and information provided in all supporting documents and forms was true and accurate in all material respects.

10

44.     On PPP Application 6, RANNFELDT falsely stated that Perfect Fit was established on November 4, 2018; its average monthly payroll was $46,000; and it had ten employees. In addition, in support of PPP Application 5, RANNFELDT submitted a 2019 Form 940 showing total payments to all employees as $552,000; a Form 941 for each quarter of 2019, in Ann Rannfeldt's name and purportedly signed by her, showing ten employees and wages totaling $145,000; a fourth quarter 2020 Form 941 in RANNFELDT'S name, showing ten employees and wages totaling $126,000; a 2019 Form 1120 showing the date of incorporation as December 21, 2018, total income as $719,260, and salaries and wages as $295,387; a second 2019 Form 1120 showing the date of incorporation as November 4, 2019; total income as $719,260, and salaries and wages as $552,000; and a GSCU bank statement for Perfect Fit for the month of February 2020 showing an ending balance of $87,295.50, each of which contained false or fraudulent misrepresentations.

45.     It was further part of the scheme and artifice to defraud that RANNFELDT submitted a falsified IRS Notice 575 A, dated November 4, 2018, assigning Perfect Fit EIN 85-383884. The IRS did not assign Perfect Fit an EIN until November 10, 2020.

46.     Northeast denied RANNFELDT's loan application on or about March 9, 2021.

47.     In furtherance of his scheme and artifice to defraud, on or about March 3, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 7) to Cross River on behalf of Perfect Fit seeking $190,390.62 in PPP

funds. PPP Application 7 was in the name of RANNFELDT's wife, Ann Rannfeldt. In addition, RANNFELDT certified that PPP Application 7 and information provided in all supporting documents and forms was true and accurate in all material respects.

48.    On PPP Application 7, RANNFELDT falsely stated that Perfect Fit was established in November 2018; its average monthly payroll was $76,156; and it had ten employees. In addition, in support of PPP Application 6, RANNFELDT submitted the first page of a 2019 Form 1120, purportedly signed January 15, 2020 by Ann Rannfeldt, listing gross receipts as $719,260 and salaries and wages as $552,000; a 2019 Form 940 showing total payments to all employees as $552,000; a 2019 Schedule C, Profits and Loss From Business (Form 1040), listing Ann Rannfeldt as sole proprietor, gross sales as $543,639 and salaries and wages as $96,973; a GSCU bank statement for Perfect Fit for the month of February 2020 showing an ending balance of $87,295.50, each of which contained false or fraudulent misrepresentations. RANNFELDT also submitted a copy of Ann Rannfeldt's Iowa driver's license.

49.    Cross River denied RANNFELDT's loan application on or about March 12, 2021.

50.    In furtherance of his scheme and artifice to defraud, on or about March 4, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 8) to U.S. Bank on behalf of Perfect Fit seeking $115,000 in PPP funds. PPP Application 8 was in the name of RANNFELDT's wife, Ann Rannfeldt. In addition, RANNFELDT certified that PPP Application 8 and information provided in all supporting documents and forms was true and accurate in all material respects.

51.    On PPP Application 8, RANNFELDT falsely stated that Perfect Fit was established in November 2018; its average monthly payroll was $76,156; and it had ten employees. In addition, in support of PPP Application 7, RANNFELDT submitted a 2020 Form 941 for each quarter in RANNFELDT'S name and showing ten employees, and wages totaling $147,372; $140,628; $138,000; $126,000; and a GSCU bank statement for Perfect Fit for the month of February 2020 showing an ending balance of $87,295.50, each of which contained false or fraudulent misrepresentations.

52.    U.S. Bank denied RANNFELDT's loan application on or about March 10, 2021

53.    In furtherance of his scheme and artifice to defraud, on or about March 24, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 9) to VCU on behalf of RC Orthotics seeking $36,250 in PPP funds. PPP Application 9 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 9 and information provided in all supporting documents and forms was true and accurate in all material respects.

54.    On PPP Application 9, RANNFELDT falsely stated that RC Orthotics was established in 2018; its average monthly payroll was $14,500; and it had five employees. In addition, in support of PPP Application 9, RANNFELDT submitted a 2019 Form 940 showing total payments to all employees as $174,000; a 2019 Form 1120 showing the date of incorporation as October 15, 2018, total income as $201,376, and salaries and wages as $174,000; and a 2019 payroll report listing five purported

employees and their salaries, each of which contained false or fraudulent misrepresentations.

55.    It was further part of the scheme and artifice to defraud that RANNFELDT submitted a falsified IRS Notice 575 A, dated October 15, 2018, assigning RC Orthotics EIN 86-2796704.

56.    VCU notified RANNFELDT on or about April 2, 2021, that it had approved PPP Application 9 in the amount of $36,250, and, on or about April 13, 2021, transferred funds that were under the custody and control of VCU into RC Orthotics VCU account ending in 7768.

57.    In furtherance of his scheme and artifice to defraud, on or about March 31, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 10) to VCU on behalf of PF Nutrition seeking $30,354.03 in PPP funds. PPP Application 10 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 10 and information provided in all supporting documents and forms was true and accurate in all material respects.

58.    On PPP Application 10, RANNFELDT falsely stated that PF Nutrition was established in 2018; its average monthly payroll was $12,141.16; and it had eight employees. In addition, in support of PPP Application 10, RANNFELDT submitted what a 2019 Form 940 showing total payments to all employees as $145,700; a first quarter 2019 Form 941 showing eight employees and wages as $36,446.13; a first quarter 2020 Form 941 showing eight employees and wages as $36,413.13; and a 2019 payroll report listing eight purported employees and their salaries, each of which

contained false or fraudulent misrepresentations.

59. VCU notified RANNFELDT on or about April 13, 2021, that it had approved PPP Application 10 in the amount of $33,354, and, on or about April 15, 2021, transferred funds that were under the custody and control of VCU into PF Nutrition VCU account ending in 9079.

60. In furtherance of his scheme and artifice to defraud, on or about April 15, 2021, RANNFELDT submitted a false and misleading PPP application (PPP Application 11) to VCU on behalf of RC Performance Therapy seeking $80,729.17 in PPP funds. PPP Application 11 was signed by RANNFELDT. In addition, RANNFELDT certified that PPP Application 11 and information provided in all supporting documents and forms was true and accurate in all material respects.

61. On PPP Application 11, RANNFELDT falsely stated that RC Performance Therapy was established in 2018; its average monthly payroll was $32,291.67; and it had seven employees. In addition, in support of PPP Application 11, RANNFELDT submitted a 2019 Form 940 showing total payments to all employees as $387,500; a first quarter 2019 Form 941 showing seven employees and wages as $96,875; a first quarter 2020 Form 941 showing seven employees and wages as $96,875; and a 2019 payroll report listing seven purported employees and their salaries, each of which contained false or fraudulent misrepresentations.

62. VCU notified RANNFELDT on or about May 3, 2021, that it had approved PPP Application 11 in the amount of $80,729, and, on or about May 5, 2021, transferred funds that were under the custody and control of VCU into RC

Performance Therapy VCU account ending in 8822.

63.    It was further part of the scheme and artifice to defraud that RANNFELDT received approximately $262,333 in fraudulent PPP loan proceeds from VCU, some of which he distributed and misappropriated, or attempted to distribute and misappropriate, for his personal benefit in violation of PPP requirements.    Specifically, rather than use PPP funds for permissible business expenses, such as payroll costs, rent, or utilities, on or about July 20, 2021, RANNFELDT endorsed and deposited check number 1034 in the amount of $15,333.91 drawn from Perfect Fit VCU checking account ending in 6249, into his personal checking account at GSCU ending in 7337.    VCU denied payment for that check on or about July 21, 2021, because Perfect Fit VCU checking account ending in 6249 had insufficient funds.    As such, on or about July 22, 2021, RANNFELDT transferred approximately $16,000 from PF Nutrition VCU account ending in 9079 to Perfect Fit VCU checking account ending in 6249.    VCU thereafter paid check number 1034.

64.    RANNFELDT'S scheme and artifice to defraud resulted in $115,000 in attempted loss to Quad Cities Bank & Trust; $465,692 in attempted loss and $29,542 in actual loss to Cross River; $115,000 in attempted loss to Northeast Bank; $115,000 in attempted loss to U.S. Bank; and $262,333 in actual loss to Vibrant Credit Union.

## The Mortgage Loan Scheme and Artifice to Defraud

### RESIDENTIAL MORTGAGE APPLICATION

65.    Between August 9, 2021, through and including on or about September

1, 2021, in the Southern District of Iowa, the defendant, RANNFELDT, knowingly executed and attempted to execute a scheme and artifice to defraud GreenState Credit Union by means of materially false and fraudulent pretenses, representations, and promises, namely false and fraudulent representations in a residential mortgage loan application. The manner and means of the scheme and artifice to defraud were as follows:

66.    In furtherance of the scheme and artifice to defraud, on or about August 9, 2021, RANNFELDT submitted a false and misleading residential mortgage loan application to GSCU.    RANNFELDT falsely stated that he had owned and been employed by Perfect Fit since January 1, 2020, and received a monthly salary of $22,083 through training professional and Olympic athletes.

67.    In furtherance of the scheme and artifice to defraud, Rannfeldt submitted two months of altered bank statements for the Perfect Fit VCU checking account ending in 5481. For May 2021, the statement purported to show an ending balance of $468,996.57 and for June 2021, the statement purported to show an ending balance of $499,555.77, whereas in actuality, in May 2021 the account had an ending balance of $33,391.56 and in June 2021 the account had an ending balance of $3,155,91.

68.    It was further part of the scheme and artifice to defraud that, in support of this loan application, RANNFELDT submitted 2018, 2019, and 2020 Form 1040 U.S. Individual Income Tax Returns for himself and his wife. The 2018 and 2019 returns were purported to have been prepared by G.W., CPA, in October 2020, but

G.W. did not prepare them. The 2018 Form 1040 and related Schedules falsely reflected a total income of $277,156, with $245,499 coming from the Clinic. On the Schedule C, RANNFELDT falsely reported overall gross receipts for the Clinic of $584,958 and wages of $67,215. The 2019 Form 1040 and related Schedules falsely reflected a total income of $406,324, with $361,875 coming from the Clinic. On the Schedule C, RANNFELDT falsely reported overall gross receipts for the Clinic of $543,639 and wages of $96,973. The 2020 Form 1040 and related Schedules reflected a total income of $391,009, with $336,471 coming from the Clinic. On the Schedule C, RANNFELDT reported overall gross receipts for the Clinic of $555,231 and wages of $95,132.

69.    On or about September 1, 2021, GSCU approved RANNFELDT'S residential mortgage loan application in the amount of $588,750, funds that were under the custody and control of GSCU. The sale price of the residence was $785,000, requiring a down payment of approximately $196,000.

70.    On or about August 5, 2021, RANNFELDT transferred approximately $74,975.83 from the RC Performance Therapy VCU account ending in 8822 to the Perfect Fit VCU checking account ending in 6249. On or about August 30, 2021, RANNFELDT transferred approximately $7,300 from the PF Nutrition VCU account ending in 9079 to the Perfect Fit VCU checking account ending in 6249. On or about August 30, 2021, RANNFELDT withdrew $70,088.28 from the Perfect Fit VCU checking account ending in 6249 to fund VCU official check number 85719 made payable to RANNFELDT. RANNFELDT deposited VCU official check number 85719

into his personal checking account at GSCU ending in 7337 the same day in Bettendorf, Iowa.

71.    On or about September 1, 2021, following the VCU money transfers and the deposit of VCU official check 85719 into his GSCU checking account, RANNFELDT made two withdrawals by check from his personal checking account ending in 7337: one for $194,559.15 and one for $10,000.

**THE GRAND JURY FURTHER CHARGES:**

### <u>Count 1</u>
### (False Statement to a Financial Institution)

On or about January 19, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to Cross River Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Cross River Bank upon a Paycheck Protection Program loan application for Perfect Fit, LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

a. Perfect Fit, LLC was established in January 2020;

b. Perfect Fit, LLC had an average monthly payroll of $25,429; and

c. Perfect Fit, LLC had three employees

when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

## Count 2
**(False Statement to a Financial Institution)**

On or about January 29, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to Quad City Bank & Trust, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Quad City Bank & Trust upon a Paycheck Protection Program loan application for Perfect Fit, LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

a. Perfect Fit, LLC was established in 2019;

b. Perfect Fit, LLC had six employees; and

c. Perfect Fit, LLC had a TBK bank account in February 2020

when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

## Count 3
**(False Statement to a Financial Institution)**

On or about January 30, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to Cross River Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Cross River Bank upon a Paycheck Protection Program loan application for Perfect Fit,

LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

    a. Perfect Fit, LLC was established in July 2019;

    b. Perfect Fit, LLC had 10 employees;

    c. Perfect Fit, LLC had an average monthly payroll of $84,692; and

    d. Perfect Fit, LLC had a GreenState Credit Union account in February 2020

when defendant knew that one or more of those statements were false.

    This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 4**</u>
**(False Statement to a Financial Institution)**

On or about February 26, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to Northeast Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Northeast Bank upon a Paycheck Protection Program loan application for Perfect Fit, LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

    a. Perfect Fit, LLC was established on November 4, 2018;

    b. Perfect Fit, LLC had 10 employees;

    c. Perfect Fit, LLC had an 2019 annual payroll of $552,000; and

    d. Perfect Fit, LLC had a GreenState Credit Union account in February 2020

when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

## Count 5
### (False Statement to a Financial Institution)

On or about March 3, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to Cross River Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of Cross River bank upon a Paycheck Protection Program loan application for Perfect Fit, LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

a. Ann Rannfeldt was the owner of Perfect Fit, LLC;

b. Perfect Fit, LLC was established in November 2018;

c. Perfect Fit, LLC had 10 employees;

d. Perfect Fit, LLC had an average monthly payroll of $76,156; and

e. Perfect Fit, LLC had a GreenState Credit Union account in February 2020 when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

## Count 6
### (False Statement to a Financial Institution)

On or about March 4, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false

statement to U.S. Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of U.S. Bank upon a Paycheck Protection Program loan application for Perfect Fit, LLC, in that defendant stated and caused to be stated in and in conjunction with a loan application that:

a. Ann Rannfeldt was the owner of Perfect Fit, LLC;

b. Perfect Fit, LLC had an average monthly payroll of $46,000 or an annual payroll of $552,000; and

c. Perfect Fit, LLC had a GreenState Credit Union account in February 2020 when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

### Count 7
### (Bank Fraud)

Paragraphs 1 through 64 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about January 20, 2021 and on or about February 11, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud Cross River Bank, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Cross River Bank, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON LEE RANNFELDT, engaged in a scheme to obtain a $29,542 Government-guaranteed loan through the PPP by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

## Count 8
## (Bank Fraud)

Paragraphs 1 through 64 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about February 17, 2021 and on or about April 8, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud Vibrant Credit Union, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Vibrant Credit Union, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON LEE RANNFELDT, engaged in a scheme to obtain a $115,000 Government-guaranteed loan through the PPP by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

## Count 9
## (Bank Fraud)

Paragraphs 1 through 64 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about March 24, 2021 and on or about April 13, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud Vibrant Credit

Union, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Vibrant Credit Union, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON LEE RANNFELDT, engaged in a scheme to obtain a $36,250 Government-guaranteed loan through the PPP by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

## Count 10
## (Bank Fraud)

Paragraphs 1 through 64 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about March 31, 2021, and on or about April 15, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud Vibrant Credit Union, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Vibrant Credit Union, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON LEE RANNFELDT, engaged in a scheme to obtain a $30,354 Government-guaranteed loan through the PPP by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 11**</u>
**(Bank Fraud)**

Paragraphs 1 through 64 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about April 15, 2021, and on or about May 5, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud Vibrant Credit Union, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of Vibrant Credit Union, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON LEE RANNFELDT, engaged in a scheme to obtain a $80,729 Government-guaranteed loan through the PPP by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

<u>**Count 12**</u>
**(False Statement to a Financial Institution)**

On or about August 9, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, did knowingly make and cause to be made a false statement to GreenState Credit Union, the deposits of which were insured by the National Credit Union Association, for the purpose of influencing the action of GreenState Credit Union upon a residential mortgage loan application, in that

defendant stated and caused to be stated in and in conjunction with a loan application that:

a. RANNFELDT had owned Perfect Fit, LLC since January 1, 2020 and earned $22,083 per month;

b. through Perfect Fit, LLC, RANNFELDT trained professional and Olympic athletes who paid him on a monthly basis;

c. Perfect Fit, LLC, had an ending balance in its Vibrant Credit Union account in May 2021 of $468,996.57 and in June 2021 of $499,555.77; and

d. RANNFELDT and his wife filed 2018 and 2019 1040 U.S. Individual Tax Returns prepared by G.W., certified public accountant, in October 2020

when defendant knew that one or more of those statements were false.

This is a violation of Title 18, United States Code, Section 1014.

**THE GRAND JURY FURTHER CHARGES:**

### <u>Count 13</u>
### (Bank Fraud)

Paragraphs 1 through 5 and 65 through 68 of the Introduction of this Indictment are re-alleged and incorporated herein.

Between on or about August 9, 2021 and on or about September 1, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly executed or attempted to execute a scheme and artifice to defraud GreenState Credit Union, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of GreenState Credit Union, by means of material false or fraudulent pretenses, representations, promises, namely the defendant, JASON

LEE RANNFELDT, engaged in a scheme to obtain a $588,750 residential loan by means of false and fraudulent representations.

This is a violation of Title 18, United States Code, Section 1344(2).

**THE GRAND JURY FURTHER CHARGES:**

### Count 14
### (Money Laundering)

On or about July 21, 2021, through and including, July 22, 2021, in the Southern District of Iowa, the defendant, JASON LEE RANNFELDT, knowingly engaged or attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, namely the deposit of a $15,333.91 check into the defendant, JASON LEE RANNFELDT'S, GreenState Credit Union checking account ending in 7337, such property having been derived from a specified unlawful activity, namely Bank Fraud, as charged in Counts 8 and 10 of this Indictment.

This is a violation of Title 18, United States Code, Section 1957(a) and 1957(b)(1).

**THE GRAND JURY FINDS:**

### NOTICE OF FORFEITURE

1.    **Allegations Supporting Forfeiture.** The allegations set forth above are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture, as set forth below.

2.    **Property to Be Forfeited**. Pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 1956(c)(6), and Title 28, United States Code, Section 2461(c),

upon conviction of an offense in violation of Title 18, United States Code, Section 1344

or Title 18, United States Code, Section 1957, as alleged in Counts 1 through 14 of

this Indictment, the defendant, JASON LEE RANNFELDT, shall forfeit to the

United States of America any property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of Title 18, United States Code, Section

1014; Title 18, United States Code, Section 1344; or Title 18, United States Code,

Section 1957. Subject to forfeiture is a sum of money equal to the amount of $291,875

or to the total value of any property, real or personal, which constitutes or is derived

from proceeds traceable to such violations.

3.    **Money Judgment**. If any of the property described above, as a result

of any act or omission, of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be
          divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

**A TRUE BILL.**

FOREPERSON

Richard D. Westphal
United States Attorney

By
Torrie J. Schneider
Assistant United States Attorney

30